UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CRUMP, JR., #238336,

    Plaintiff,

                                             Case No. 1:01-cv-72

v

                                             Hon. Wendell A. Miles

ZBIGNIEW TYSZKIEWICZ, *et al*.,

    Defendants.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR REHEARING
AND CORRECTION OF ORDERS TO PAY SECOND FILING FEES, ETC.

This was a § 1983 civil rights action brought *pro se* by Michigan prisoner William Crump, Jr. On February 6, 2001, the court entered an order allowing plaintiff to proceed *in forma pauperis*. Pursuant to the requirements of the Prison Litigation Reform Act ("PLRA"), plaintiff was assessed an initial filing fee of $1.15, with the remainder of the fee to be paid pursuant to the PLRA's statutory formula as funds became available. On May 7, 2001, the court dismissed plaintiff's complaint without prejudice for lack of exhaustion of administrative remedies. Plaintiff did not seek further review in the United States Court of Appeals. To date, plaintiff has paid only $40.24 of the $150 filing fee. No payments have been received by the court to be applied to the filing fee in this case since July 23, 2004.

The matter is currently before the court on a motion filed by plaintiff bearing the following lengthy title: "Plaintiff's Motion for Rehearing and Correction of Order's [sic] to Pay

Second Filing Fees, Reimbursement/Removal of Debts from Plaintiff's Institutional Account for Second Filing of Complaints After Dismissal Without Prejudice for Failure to Exhaust and Immediate Consideration" (docket no. 22).  Plaintiff's motion bears the caption not only of this case, but also of five other cases plaintiff has filed in this court.  Of these six cases, only this one is assigned to this District Judge.  Plaintiff asserts in his motion that one of these other listed cases, Crump v. Palmer, No. 1:02 cv 385 (Bell, J.), is a re-filing of the claims dismissed in this case.

In his motion, plaintiff argues that he has been assessed a second filing fee of $150 for claims he allegedly re-filed in the Crump v. Palmer case, contrary to the Sixth Circuit's holding in Owens v. Keeling, 461 F.3d 763 (6th Cir. 2006).  In Owens, a Sixth Circuit panel held that "when a prisoner 'refiles' a complaint that was initially dismissed without prejudice for failure to exhaust under the PLRA, . . . the prisoner need not pay an additional filing fee under 28 U.S.C. § 1914(a)."  461 F.3d at 773.

Plaintiff seeks relief from the order to pay a second filing fee under Fed.R.Civ.P. 60(b).  "[T]he 'public policy favoring finality of judgments' limits the availability of relief under the rule."  GenCorp, Inc. v. Olin Corp., 477 F.3d 368, 372 (6th Cir. 2007) (quoting Waifersong Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir.1992)).  "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment."  Johnson v. Unknown Dellatifa, 357 F.3d 539, 543 (6th Cir. 2004).  Here, plaintiff does not state what

subdivision of the rule supports his claim for relief. On that basis alone, his motion is subject to denial.

Moreover, Rule 60(b) clearly provides that a motion under the rule must be made "within a reasonable time," and for reasons (1), (2), and (3) of the rule, no more than a year after entry of the judgment or order or the date of the proceeding. The rule provides the court with no discretion to extend the one-year time period contained in Rule 60(b).[1] Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1332 -1333 (6th Cir. 1985). Therefore, to the extent that plaintiff seeks relief under subdivisions (1), (2), or (3) of Rule 60(b), his motion is untimely, insofar as this case was concluded well in excess of one year before plaintiff filed his motion.

In addition, to the extent that plaintiff seeks relief under subdivisions (4) or (6), his motion is likewise untimely. The Sixth Circuit has held that a motion filed pursuant to Rule 60(b)(4) and (6) is untimely "where more than three years have passed between the time the motion was filed and judgment was entered." Blachy v. Butcher, No. 03-2079, 129 Fed.Appx. 173, 179, 2005 WL 843905, *5 (6th Cir. April 12, 2005). Here, plaintiff did not file his motion until nearly six years after the judgment was entered.

The only subsection of Rule 60(b) which could potentially provide plaintiff with a basis for relief in this case is subsection (5), which authorizes relief where the judgment has been "satisfied, released, or discharged, or a prior judgment upon which it has been based has been

---

[1] Fed.R.Civ.P. 6(b) prohibits the court from extending the time for taking any action under 60(b), except to the extent and allowed under the latter rule.

reversed or otherwise vacated, *or it is no longer equitable that the judgment should have prospective application*" (emphasis supplied).  Here, the court's order requiring payment of the filing fee is in a sense prospective in nature, insofar as it requires payment of a portion of the filing fee for each month that plaintiff's prison account exceeds $10.00 until the $150 fee is paid in full – and the fee has not yet been paid in full.  Therefore, this case would at first blush appear to involve a party's request to alter an order – under which an obligation continues – in light of a change in subsequent law, to which Rule 60(b)(5) generally applies.  See Agostini v. Felton, 521 U.S. 203, 238-239 (1997) ("Rule 60(b)(5) specifically contemplates the grant of relief" where a party seeks to vacate a continuing injunction entered years ago based on a "bona fide, significant change in subsequent law").  Although "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)," Agostini, 521 U.S. at 239, where the propriety of continuing prospective relief is at issue, Rule 60(b)(5), not Rule 60(b)(6), applies.  See Agostini, 521 U.S. at 239.

     However, the order requiring plaintiff to pay the filing fee is prospective only in the sense that it requires him to fulfill a financial obligation.  Plaintiff is under no other duty apart from paying the fee, which in the typical case must be paid when the case is filed.  For this reason, the court concludes that plaintiff's motion does not in fact fall under Rule 60(b)(5).  See Kalamazoo River Study Group v. Rockwell Intern. Corp., 355 F.3d 574, 587 (6th Cir. 2004) ("Money judgments . . . do not generally have prospective application because they are final in the sense of involving a set monetary outlay").  Therefore, because plaintiff has not filed a timely motion

for relief under any subsection of Rule 60(b), his motion is denied.

Alternatively, even if plaintiff had filed a timely motion under Rule 60(b), the court would deny the relief sought on the merits. <u>Owens</u> does not apply retroactively to this case, which was closed long before <u>Owens</u> was decided. A new rule of federal law applies only to cases still open on direct review. See <u>Harper v. Virginia Dept. of Taxation</u>, 509 U.S. 86, 97 (1993) ("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule"). Moreover, new rules of procedure – which <u>Owens</u> established – generally do not apply retroactively at all. <u>Schriro v. Summerlin</u>, 542 U.S. 348, 352 (2004). In addition, even if the procedural rule established in <u>Owens</u> may be applied retroactively to closed cases such as this, that case would not provide a basis for granting relief to plaintiff in this case. This case is not a "re-filed" case in which plaintiff can be excused from paying a second or additional filing fee. Instead, it is <u>Crump v. Palmer</u> which plaintiff himself identifies (either rightly or wrongly) as a re-filing of this case. However, nothing in <u>Owens</u> either requires or permits a district court to grant a prisoner plaintiff relief from the statutory requirement that he pay the filing fee in the first action which he initiates on a claim or series of claims.

Finally, to the extent that plaintiff alleges that he is entitled to reimbursement because he has been "overcharged" to the tune of $655, it is noted that at least with respect to this case, plaintiff has to date paid only $40.24 of the $150 filing fee. He has therefore clearly not been

overcharged in this case, and any claim for reimbursement is completely without merit.[2]

**Motion denied.**

So ordered this 13th day of March, 2008.

    /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge

---

[2]It is noted that plaintiff is in fact correct that a second filing fee was assessed in <u>Crump v. Palmer</u>. To date plaintiff has only paid a total of $1.98 toward the filing fee in that case. (Plaintiff was also assessed an appeal fee in that case, and it is not entirely clear whether a portion of his payments was applied to the appeal fee.) Therefore, the total amount plaintiff has paid toward the filing fees in both this case and <u>Crump v. Palmer</u> is $42.22. Chief Judge Bell, to whom <u>Crump v. Palmer</u> is assigned, denied a motion for relief plaintiff filed in that case which was identical to the motion plaintiff has filed in this case.